UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIPWALL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MELINO ENTERPRISES, INC.,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

This is an action for trademark infringement and unfair competition arising from Melino Enterprises, Inc.'s unauthorized use, sale, and offer for sale of products bearing a mark that is confusingly similar to that of ZipWall, LLC, thereby infringing its trademarks and competing unfairly with ZipWall.

## PARTIES

1. Plaintiff, ZipWall, LLC, (hereinafter, ZipWall) is a limited liability company organized and existing under the laws of the State of Connecticut, having a principal place of business at 37 Broadway, Arlington, Massachusetts 02474.

2. Upon information and belief, Defendant Melino Enterprises, Inc. (hereinafter, Melino) is a corporation organized and existing under the laws of the State of Rhode Island, having a principal place of business at 1515 Elmwood Avenue, Cranston, Rhode Island 02910.

## JURSIDICTION AND VENUE

3. On information and belief, Melino sells and/or offers to sell products bearing the infringing mark to businesses and individuals located in the Commonwealth of Massachusetts, and is doing business within this judicial district.

4. On information and belief, Melino offers and promotes products for sale to consumers in the United States and in European Union, including to Massachusetts residents, via its own website at www.curtain-wall.com. Upon information and belief, residents of Massachusetts may purchase infringing products in the Commonwealth by mail order, telephone, and over the internet.

5. As a result of these activities, Melino has purposefully directed its activities to residents of the Commonwealth, causing tortuous injury within the Commonwealth, and the claim for relief arises out of activities and harm suffered within the Commonwealth, so that the exercise of jurisdiction is reasonable. Therefore, this Court has general and specific personal jurisdiction over Melino under the U.S. Constitution and the Massachusetts Long Arm Statute.

6. This action arises under the Trademark Laws of the United States, Title 15, Section 1051, et seq. of the United States Code and the common law.

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §1121.

8. This Court has personal jurisdiction over Melino because it has transacted and is transacting business in this District, has caused tortuous injury in this Commonwealth, regularly does or solicits business in this Commonwealth from which it is believed to have derived substantial revenue, and has made, used, offered for sale, promoted, and/or sold products that infringe the trademarks in this judicial district.

9. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1391 because Melino is subject to personal jurisdiction and has committed acts of trademark infringement and unfair competition, causing harm in this District.

## BACKGROUND

10. ZipWall is an innovator in the design, manufacture, sale, and licensing of patented dust barrier systems and components offered under the company's registered ZIPWALL mark.

11. ZipWall is based in Arlington, Massachusetts, and sells its products throughout the United States and abroad, via catalogs, suppliers, and the internet.

12. ZipWall has used its company name ZipWall, its ZIPWALL marks, and its ZIP family of marks in connection with the manufacturing, sale, and promotion of innovative dust barrier systems, and system components such as telescoping extension poles, zippers, and plastic sheeting, for many years.

13. On November 30, 1999, the U.S. Patent and Trademark Office granted U.S. Trademark Registration No. 2,296,378 for the mark ZIPWALL for "temporary structures used as dust barriers made of plastic/cloth sheet" to Jeffrey P. Whittemore, a true copy of which registration is attached as Exhibit A.

14. On July 21, 1999, Jeffrey P. Whittemore assigned the ZIPWALL mark and Registration to ZipWall, LLC, which assignment is recorded with the U.S. Patent and Trademark Office at Reel/Frame 1936/0833.

15. U.S. Registration No. 2,296,378 is an incontestable registration.

16. ZipWall holds U.S. Trademark Registration No. 2,819,686, granted March 2, 2004, for the mark ZIPWALL for "temporary structures used as dust barriers made primarily of plastic," a true copy of which registration is attached as Exhibit B.

17. ZipWall holds U.S. Trademark Registration No. 2,956,873, granted May 31, 2005, for the mark ZIPWALL for "temporary structures used as dust barriers made of plastic, aluminum, and plastic sheeting," a true copy of which registration is attached as Exhibit C.

18. ZipWall holds U.S. Trademark Registration No. 3,694,969, granted October 13, 2009, for the mark ZIPHOOK for "Accessories for temporary structures used as dust barriers, namely, metal hooks with non-metal bases that attach to the temporary structures", a true copy of which registration is attached as Exhibit D.

19. ZipWall has adapted and used, and holds U.S. Trademark Applications for, a family of ZIP marks, including the marks, ZIPRAIL, ZIPPOLE, ZIP and ZIP (and design) for dust barrier systems, components and accessories therefore.

20. ZipWall is and remains the owner of all right, title, and interest in and to the ZIPWALL and ZIP family of trademarks, the applications and registrations thereof, together with the right to recover for past infringement.

21. ZipWall has received numerous awards and significant public recognition for its products bearing the ZIPWALL marks. For example:

| AWARD GROUP | DATE |
| --- | --- |
| Editors' Choice Tools of the Trade | 1998 |
| Top 150 Products Building Products Magazine | 1998 |
| Top 10 Products American Painting Contractor | 1998 |
| Ad Excellence Commercial Bldgs Magazine | 1999 |
| Ad Excellence Walls & Ceilings Magazine | 2000 |
| Ad Excellence Walls & Ceilings Magazine | 2001 |
| Ad Excellence Walls & Ceilings Magazine | 2002 |
| Ad Excellence Walls & Ceilings Magazine | 2003 |
| Ad Excellence Walls & Ceilings Magazine | 2004 |
| Vendor of the Year Sherwin-Williams | 2005 |
| Ad Excellence Walls & Ceilings Magazine | 2005 |
| Brand Leader Builder Magazine | 2005 |
| Readers' Choice Building Products Magazine | 2006 |
| Ad Excellence Walls & Ceilings Magazine | 2006 |
| Brand Leader Builder Magazine | 2008 |

| Best New Product, Remodelers Show | 2009 |
|---|---|

22. ZipWall has for many years promoted its ZIPWALL barrier systems and components in trade journals, at trade shows, and via its website, www.zipwall.com . In connection therewith, ZipWall has continuously and exclusively used its ZIPWALL marks in the advertising promotion, and sale of its products.

23. As a result of these sales and promotional efforts, the mark ZIPWALL has, from a date long prior to the acts of Defendant complained of herein, achieved substantial public recognition and renown and serves as a strong and distinctive source indicator for ZipWall's dust barrier systems, components, and accessories.

24. ZIPWALL barrier systems and components are sold in Massachusetts in, *inter alia*, paint stores, lumber yards, and via distributors.

25. Notwithstanding ZipWall's prior rights, Melino currently offers for sale 3-foot barrier-system door components under the ZIP-DOOR mark, comprising a 3' module, an extension pole, plastic sheeting, a pair of zippers, and masking tape, as shown in Exhibits E and F. Exhibits E and F are true and correct copies of excerpts from Melino's website, www.curtain-wall.com.

26. Melino offers for sale four-foot barrier-system door components under the ZIP-DOOR mark, comprising a 4' module, a pole, plastic sheeting, a pair of zippers, and masking tape, as shown in Exhibit G. Exhibit G is a true and correct copy of a page from Melino's website.

27. Melino offers for sale five-foot barrier-system door components under the ZIP-DOOR mark, comprising a 5' module, a pole, plastic sheeting, a pair of zippers, and masking tape, as shown in Exhibit H. Exhibit H is a true and correct copy of a page from Melino's website.

28. Melino's ZIP-DOOR products are promoted and offered for sale in Massachusetts and across the United States and in Europe via its website at www.curtain-wall.com, as shown in Exhibits I and J. Exhibits I and J are true and correct copies of pages from Melino's website www.curtain-wall.com.

### Count I
### TRADEMARK INFRINGEMENT

29. ZipWall incorporates by reference the subject matter of paragraphs 1-28 as if fully set forth herein.

30. Melino's actions, including its prominent use of ZIP-DOOR on its website in connection with the sale, distribution, or advertising of barrier-system components, are likely to cause confusion, or to cause mistake, or to deceive, all in violation of 15 U.S.C. §1114. Exhibits E-H show examples of Melino's offending products and advertising.

31. Melino has misappropriated ZipWall's trademarks, and/or used confusingly similar trademarks, in an effort to trade on the goodwill developed by ZipWall.

32. Melino's use of the mark ZIP-DOOR constitute infringement of ZipWall's registered trademarks, and infringement of ZipWall's common law trademark rights.

33. Melino has been given actual notice of ZipWall's trademarks, and of its infringement thereof, by virtue of notice letters and this lawsuit.

34. Melino's infringement is continuing, and is and has been willful. It has caused and will continue to cause ZipWall to suffer substantial damages, and has caused and will cause ZipWall to suffer irreparable harm for which there is no adequate remedy at law. ZipWall has suffered and will continue to suffer substantial damage to its business, including diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution of rights. The extent and amount of these damages are not yet fully

ascertainable, and ZipWall's remedy at law is not adequate to compensate it for the injuries inflicted and threatened by Melino. Unless enjoined, Melino will continue its infringing activities to the irreparable injury of ZipWall.

## Count II
## UNFAIR COMPETITION

35. ZipWall incorporates by reference the subject matter of paragraphs 1-34 as if fully set forth herein.

36. ZipWall has expended considerable time and expense in developing products of high quality and functionality, and in so doing, has achieved a high standing in the trade and among the buying public.

37. ZipWall's trademarks are well recognized as source indicators for high quality barrier systems and components.

38. Melino offers and provides similar products under the ZIP-DOOR mark to the same class of consumers as does ZipWall.

39. Melino's use of a trademark that is nearly identical to, or confusingly similar with, those of ZipWall are likely to confuse and mislead members of the trade and the public and induce the mistaken belief that Melino is associated with ZipWall, or that Melino's products are endorsed or sponsored by ZipWall, or that Melino is affiliated in some way with ZipWall.

40. On information and belief, the trade and public have been led to believe that Melino's products originate from, or are associated with, ZipWall.

41. These acts of Melino constitute a false designation of origin, and are likely to cause confusion, to cause mistake, or to deceive the public and the trade as to the affiliation,

connection, or association of Melino with ZipWall, in violation of the Lanham Act, 15 U.S.C. §1125 and the common law.

42. Melino's unfair competition is continuing, and is and has been willful. It has caused and will continue to cause ZipWall to suffer substantial damages, and has caused and will cause ZipWall to suffer irreparable harm for which there is no adequate remedy at law. ZipWall has suffered and will continue to suffer substantial damage to its business, including diversion of trade, loss of profits, injury to goodwill and reputation, and a dilution of rights. The extent and amount of these damages are not yet fully ascertainable, and ZipWall's remedy at law is not adequate to compensate it for the injuries inflicted and threatened by Melino. Unless enjoined, Melino will continue its unfairly competitive activities to the irreparable injury of ZipWall.

## RELIEF REQUESTED

Wherefore, ZipWall requests that this Court:

A. enter a permanent injunction enjoining Melino and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from using the mark ZIP-DOOR, and any colorable variation thereof, and from any further infringement of ZipWall's registered and common law trademarks;

B. enter a permanent injunction enjoining Melino and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from engaging in unfair competition with ZipWall;

C.  require Melino, pursuant to 15 U.S.C. § 1118, to deliver up for destruction any and all materials that include the mark ZIP-DOOR.

D.  award ZipWall compensatory damages and its costs and interest;

E.  award ZipWall treble damages for Melino's willful infringement;

F.  award ZipWall its reasonable attorneys' fees; and

G.  award ZipWall such other relief as the Court deems just and proper.

Respectfully submitted,

ZIPWALL, LLC

By: _____
Ann Lamport Hammitte (BBO #553263)
ahammitte@LL-A.com
Thomas M. Sullivan (BBO # 567917)
tsullivan@ll-a.com
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street, 11th Floor
Cambridge, MA  02142
Telephone:  (617) 395-7000
Facsimile:  (617) 395-7070

Dated: June 22, 2010